### 18123

Madie J. MURDOCK, Respondent, v. William H. MURDOCK, Jr., Appellant

(133 S. E. (2d) 323)

*Messrs. Rogers & McDonald,* of Columbia, *for Appellant,*

*Messrs. Hayes, Hayes & Brunson,* of Rock Hill, *for Respondent,*

November 13, 1963.

BRAILSFORD, Justice.

Pending this action for divorce and alimony, brought by Mrs. Murdock against her husband in York County, the husband commenced an action for divorce in the State of Kentucky on constructive service. He also defended and counterclaimed for divorce in this action, which was tried before a special referee. The referee filed his report on July 8, 1957, finding that neither party had established a ground of divorce against the other, but recommending that the wife be allowed to live separate and apart from the husband and that she be awarded lump sum alimony of $4,250.00. After the filing of the report and before argument of the husband's exceptions thereto, he obtained an absolute decree of divorce by default in the Kentucky action, and, on his motion, this action was "reopened and remanded" to the special referee. An amendment of the husband's answer by setting up the Kentucky decree was allowed and additional evidence was received.

By a second report, the referee found that the Kentucky decree effected a dissolution of the marriage between the parties, but that it did not bar the wife's claim to alimony in this action. The referee adhered to his recommendation that she be awarded lump sum alimony of $4,250.00.

The circuit court concurred in the findings and conclusions of the referee, and, except in respects not now material, adopted the report. The only exceptions on this appeal relate to the award of alimony. We adopt appellant's statement of the questions involved, omitting one question which becomes moot, as follows:

1. "Did the lower court err by failing to give full faith and credit to the Kentucky decree which awarded no alimony to the Respondent?

2. "Did the lower court err in awarding alimony in view of the Respondent's financial condition?

3. "Did the lower court err in awarding alimony in a lump sum rather than in the usual way of periodic payments?"

The only error suggested by the first question, or raised by the exception on which it rests, is the failure of the circuit court to recognize that it was bound by Art. IV, Sec. 1, of the United States Constitution, to give full faith and credit to the Kentucky decree as a bar to the wife's claim for alimony. It must be resolved against appellant unless the court was so bound.

The parties were married in South Carolina in 1936. Except for several short absences by the husband, they lived together in this State until March or April of 1955, when, according to the findings below, the husband deserted his wife and children and moved to the State of Kentucky. The wife has continuously resided in South Carolina. She was not served with process in Kentucky and did not submit to the jurisdiction of the court.

Under these facts, the decision of the Supreme Court of the United States in *Vanderbilt v. Vanderbilt,* 354 U. S. 416, 77 S. Ct. 1360, 1 L. Ed. (2d) 1456, is conclusive authority that the Constitution of the United States did not require the court to give full faith and credit to the Kentucky decree as a bar to the wife's claim to alimony. In that case, after the husband and wife had separated in California and Mrs. Vanderbilt had established a residence in New York, the husband obtained a decree of divorce in the State of Nevada on constructive service, she not having submitted to the jurisdiction of the court. Some months after the Nevada decree was filed, Mrs. Vanderbilt brought an action in New York for separation from her husband and alimony to be realized out of his property within the State. The New York court held that the Nevada decree effected a valid dissolution of the marriage, but overruled

the husband's plea that the Full Faith and Credit Clause of the United States Constitution compelled New York to recognize it as a bar to alimony. The Supreme Court of the United States affirmed, stating:

"Since the wife was not subject to its jurisdiction, the Nevada divorce court had no power to extinguish any right which she had under the law of New York to financial support from her husband. It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant. Here, the Nevada divorce court was as powerless to cut off the wife's support right as it would have been to order the husband to pay alimony if the wife had brought the divorce action and he had not been subject to the divorce court's jurisdiction. Therefore, the Nevada decree, to the extent it purported to affect the wife's right to support, was void and the Full Faith and Credit Clause did not obligate New York to give it recognition.

"Petitioner claims that this case is governed by *Thompson v. Thompson,* 226 U. S. 551, 33 S. Ct. 129, 57 L. Ed. 347. For the reasons given in a concurring opinion in *Armstrong v. Armstrong,* 350 U. S. 568, 575, at 580-581, 76 S. Ct. 629, 636, 100 L. Ed. 705, the *Thompson case,* insofar as it held that an *ex parte* divorce destroyed alimony rights, can no longer be considered controlling." 77 S. Ct. 1362, 1363.

Since we regard Vanderbilt as a controlling precedent on this question, we overrule the exception which poses it without prolonging this opinion by further discussion or citation of authority.

The second and third questions will be considered together. The complaint in this action, which was commenced June 22, 1956, alleged that the husband deserted his wife and family in March, 1955. However, because of a short period of cohabitation in April, 1956, the ground of divorce relied upon was physical cruelty rather than desertion. The court found the evidence insufficient to estab-

lish physical cruelty, but found the husband guilty of desertion. Therefore, it denied divorce but awarded alimony, which was clearly authorized under the decisions of this court. *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629.

The sole challenge to the wife's entitlement to alimony, other than that already disposed of, is her alleged failure to establish a need for it, in view of her "financial condition."

The referee found that Mrs. Murdock had been employed by the Celanese Corporation since 1950, and that, during the five or six years preceding the filing of the report, her earnings had been the main source of her support and that of the couple's minor children. At the time of the hearings she was earning $53.00 per week, the husband about twice this amount. He owns real estate in South Carolina of the value of about $15,000.00, which is subject to a mortgage of $4,300.00. This property was acquired during the marriage with the help of his wife, including cash contributions by her. So far as the record discloses, the wife has no separate estate and is entirely dependent on her own earnings.

The financial condition of the parties is a factor to be considered in awarding permanent alimony. However, it is not the only factor. A deserted wife is not necessarily disqualified from receiving alimony merely because she is employed and earns a livelihood. *27A C. J. S. Divorce § 233(6).*

"* * * The allowance of permanent alimony is a matter of sound judicial discretion, to be exercised with reference to established principles and upon a view of all the circumstances of each particular case, such as, the estate and ability of the husband, the condition and means of the wife, and the conduct of the parties. * * *" 17 Am. Jur., Divorce and Separation, Sec. 655.

"* * * A wife is never entitled to alimony as a matter of course; it is entirely discretionary with the court to allow her such alimony as, under the circumstances, is rea-

sonable, just, and right, taking into consideration the amount of the husband's property, the extent to which she contributed to the accumulation thereof, the ability of each to earn money in the future, and their conduct in the past." 17 Am. Jur., Divorce and Separation, Sec. 672.

Under the circumstances of this case, we think that the court soundly exercised its discretion by awarding alimony to the wife. Nor do we find error in requiring payment in a lump sum. The marriage has been dissolved by the Kentucky decree, making it logical to apply by analogy the public policy expressed in Sec. 20-113, Code of Laws 1962, which gives the court discretion to require payment of alimony in a lump sum in divorce cases. The husband has moved to a distant state and remarried. He stands adjudged in contempt in this action for failing to make payments *pendente lite* as required by the court. There is little reason to think that he would have voluntarily sent periodic payments from Kentucky had they been ordered. The wife should not be required to pursue him there. The court has jurisdiction of his person and property in this action. We think that the requirement of lump sum payment is justified and appropriate.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.