18994

Melita Ann Team MIXSON, Appellant, v. Benjamin Eugene MIXSON, Jr., Respondent, (Two Cases)

(171 S. E. (2d) 581)

*Robert J. Thomas, Esq.,* of Columbia, *for Appellant,*

*Herbert W. Louthian, Esq.,* of Columbia, *for Respondent,*

*Robert J. Thomas, Esq.,* of Columbia, *for Appellant, by way of Second Brief.*

*Herbert W. Louthian, Esq.,* of Columbia, *for Respondent, by way of Second Brief,*

December 18, 1969.

Moss, Chief Justice:

Melita Ann Team Mixson, the appellant herein, and Benjamin Eugene Mixson, Jr., the respondent herein, were married on July 7, 1959. Three children were born of this marriage, two daughters, Myrtle Graves Mixson, age nine, Melita Team Mixson, age seven, and a son, Benjamin Eugene Mixson, III, age four.

The appellant, on December 13, 1966, instituted an action in the Richland County Court for a divorce *a vinculo matrimonii* from the respondent on the ground of physical cruelty. Section 20-101(3) of the Code. On May 31, 1967, the appellant was granted an absolute divorce from the respondent on the ground of physical cruelty. In said decree, the permanent custody of the minor children was awarded to the appellant with reasonable visitation rights to the respondent. It was also provided that the respondent would pay to the appellant as alimony for her, the sum of $62.50 per week, and the sum of $62.50 per week for the support and maintenance of the children. The respondent was also required to transfer the ownership of certain life insurance policies to the appellant and to pay directly to her the premiums to become due under said policies.

The appellant instituted a proceeding on February 17, 1969, wherein she alleged that the respondent was in arrears in the alimony and support payments, the amount being

$2,821.70, he was required by the divorce decree to pay to her. She prayed that the respondent be adjudged in contempt of court for his violation of the terms of the aforesaid decree and that he be ordered to make immediate payment to the appellant the amount in arrears, together with attorney's fee for prosecuting the action.

A hearing was held before the Honorable John A. Mason, Judge of the Richland County Court, on March 27, 1969, and at that time the appellant filed an amended and supplemental petition covering the period from May 3, 1968 through March 21, 1969, setting forth the arrearage for alimony and support payments, and accrued insurance premiums, the total amount being $3,261.37.

The respondent filed an answer and counterclaim in which he admitted that he was in arrears in his payments but not in the amount claimed by the appellant. He asserts that he is not guilty of willful contempt and alleges that he has been unable to pay the full amount required by the aforesaid decree because of his financial condition. He asks, because of a change in his financial condition, that the support and alimony payments be reduced and he asserts that it would be for the best interest of the minor children of the marriage that their custody be awarded to him.

On April 10, 1969, the trial judge signed an order stating that he was unable to determine accurately if there was any arrearage, but, nevertheless, he fixed the arrearage at $750-.00, this being the amount that the appellant was behind in her house payments. He required the respondent to pay this sum, and if there was an arrearage that such amount would take care of it and bring the respondent up-to-date in his payments. He further found that the respondent's financial condition had changed and ordered a reduction in child support payments from $62.50 per week to $25.00 per week, effective April 25, 1969.

The trial judge also found that it would be in the best interest of the children to grant joint custody to the parties,

provided the respondent provides a proper home for the minor children. It was required that during the times that the minor children of the parties were in school that the appellant should deliver to the home of the respondent the minor child who was not in school by 9:00 A. M. each morning, Mondays through Fridays. The respondent was required to pick up the two older children from school and all of them were to remain at his home until 7:00 o'clock P.M. when the appellant was required to pick them up at that place. During the summer months the appellant was granted uninterrupted custody of the children except for five weeks beginning July 1, at which time the respondent was granted uninterrupted custody of the children. On weekends during school months the respondent was granted custody of the children from 1:00 o'clock P.M. Saturday until 9:00 o'clock A.M. on Sunday. At Christmas time custody of the minor children was awarded to the respondent for a period of three days, beginning at 5:00 o'clock P.M. December 25.

The trial judge found that the appellant should be responsible for her own medical bills and for her personal taxes.

The court found that the appellant was entitled to attorney's fees and that the sum of $250.00 was reasonable under the circumstances.

The appellant filed timely notice of appeal from the order of the county judge. The exceptions will be discussed in order. Following the notice of intention to appeal, the appellant presented to this court a petition asking that the custody provisions of the order of April 10, 1969, be superseded and stayed until the appeal in this case could be heard and disposed of on its merits by this court. We granted an order of supersedeas on May 13, 1969.

The first question for determination is whether the respondent was in arrears in the payment of alimony to his wife, support money for the children, and insurance premiums required by the divorce decree for the period from May 3, 1968, through March 21, 1969.

A computation shows that for the period above stated the respondent was due to pay as alimony and support money the sum of $5,875.00, and insurance premiums of $436.37, making a total of $6,311.37. The evidence shows that the respondent made total payments of $3,105.00 and in addition thereto he was entitled to a credit of $139.40 for purchases made by the appellant on his Pure Oil Credit Card, and also the sum of $98.20, representing purchases made by the appellant on a Bank Americard of the respondent, making a total of $3,342.60. Subtracting the amount of payments made and credits due to the respondent from the amounts due under the divorce decree shows that he was in arrears in the amount of $2,968.77.

The respondent contends that he expended funds and made payments for the benefit of his wife and children and he should be allowed credit for same in reducing his arrearage. He claims a credit of $384.00 which he testified he had paid for hospital insurance for his children. He was not entitled to any credit for this because under the divorce decree this was an obligation of the respondent over and above the alimony and support payments which he was required to make.

The respondent also claimed a credit of $400.00 which was a part of a total of $1,000.00 paid to the appellant prior to May 3, 1969, as part of a compromise settlement of a dispute over his arrearage at that time. The respondent now admits that he was not entitled to such credit.

The respondent also claims credit for $400.00 which he said he spent on the children for a trip to the beach and a credit of $500.00 which he estimated he spent on the children at Christmas time. The respondent was not entitled to credit for these two expenditures.

The general rule is that it is the obligation of the divorced husband to pay the specified amounts according to the terms of the decree and he should not be permitted to vary these terms to suit his own convenience.

The amounts spent on the children for a trip to the beach and at Christmas time must be regarded as gifts or gratuities and they cannot be credited on his obligation to pay according to the terms of the decree. *Fearon v. Fearon,* 207 Va. 927, 154 S. E. (2d) 165.

In Nelson on Divorce (2d Ed.), section 16.27, it is stated:

"A husband, charged with contempt for nonpayment of alimony or support money, is entitled to credit for such amounts as he may have paid under the decree. The fact that he has made some payments, however, will not purge him of contempt or prevent his commitment therefor as default as to each new installment is a fresh contempt. Nor is he entitled to credit for payments made, enuring to the benefit or welfare of his wife or children, if they are not made pursuant to or for the purposes prescribed by the decree. * * *

Under circumstances short of abandonment of the child by the wife, the husband may be considered merely a volunteer with respect to his expenditures in the child's behalf while in his custody, therefore not entitled to credit for them as against payments due his wife by order of the court. * * *"

The respondent asserts as a defense his inability to comply with the divorce decree because of a change in his financial condition. The appellant made out a *prima facie* case of contempt by pleading the order for the payment of alimony and child support and default in payment. The burden was upon the respondent to establish his defense and to show his inability to comply with the divorce decree.

The trial judge did not find, with reference to the arrearage, that the respondent was unable because of his financial condition to comply with the order for the payment of alimony and child support. The respondent is not in a position now to argue to the contrary.

Upon the testimony and pleadings of the respondent, we reach the conclusion that the respondent's violation of the court decree was willful. He argues that he "was well within his rights in withholding this money for the benefit of the children so that it could be made pursuant to and for the purposes prescribed by the decree." It thus appears that the respondent deliberately withheld the alimony and support money because he didn't think the appellant was properly spending such.

It is our conclusion that the respondent was guilty of contempt of court in willfully violating the terms of the divorce decree of May 31, 1967, by his failure to pay the alimony and support money required by such decree. It follows that the respondent should be committed to jail for his contempt until he purges himself thereof by the payment of the amount of the arrearage in alimony and support money here found due. We have heretofore found that the arrearage in alimony and support payments was in the amount of $2,968.77. The respondent is entitled to credit against this amount the sum of $750.00 which was paid pursuant to and under the erroneous order of the county court dated April 10, 1969. This leaves due by the respondent to the appellant the sum of $2,218.77.

The next question is whether the trial judge was in error in reducing the child support payments from $62.50 per week to $25.00 per week.

A quick answer to this question is the admission made by the respondent in his brief that the reduced sum is inadequate for child support. We point out that there is no evidence in the record justifying such a reduction.

The appellant charges the trial judge with error in holding that she should be personally responsible for her own medical bills and personal taxes.

The original divorce decree required the respondent to pay any taxes accruing to the appellant as a result of the

payment of support and alimony and also that he be required to pay all medical and dental bills incurred by the appellant and the children.

We think the trial judge was clearly in error in so holding because no issue was tendered to the court by either party with respect to these requirements of the original divorce decree.

The next question for determination is whether a fee of $250.00 for the appellant's attorney was inadequate in amount. The record shows that the appellant's attorney prepared for her a petition and later an amended and supplemental petition. Her counsel had to appear in the lower court at a hearing where the testimony was taken. He also prepared exceptions to the order of the lower court and a transcript for hearing in this court. It was necessary for her counsel to appear before this court upon a motion for supersedeas, which was granted. He also prepared a written brief and presented oral argument to this court. The beneficial results accomplished by her appeal is apparent. In view of the services rendered, we think the fee awarded was wholly inadequate. We have held that in fixing a fee there should be taken into consideration the nature, extent and difficulties of the services rendered, the time necessarily devoted to the case, the professional standing of counsel, the contingency of compensation and the beneficial results accomplished. *Todd v. Todd,* 242 S. C. 263, 130 S. E. (2d) 552. The lower court is directed to fix a fee in keeping with what we have said.

The next question for determination is whether the trial judge committed error in changing the child custody provisions of the original divorce decree.

Under the terms of the original divorce decree the custody of the three children of the parties was awarded to the appellant, with reasonable visitation rights to the respondent, including the right to have the children overnight on occasions provided he gave to the appellant reasonable notice of

his intention to visit. Apparently, the provisions of the divorce decree were entirely satisfactory to the respondent until the appellant brought the present contempt proceeding against him for his failure to pay alimony and support for the children in compliance with the aforesaid decree. For the first time he sought in a counter-claim to the petition for contempt a modification in the custody provisions.

In considering this question it should be remembered that we have held in numerous cases that the welfare of the children, and what is for their best interest, is the primary, paramount, and controlling consideration of the court in all controversies between parents over the custody of their minor children. *Ford v, Ford,* 242 S. C. 344, 130 S. E. (2d) 916. We have also held that changed circumstances may authorize a change of custody. *Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619; *Moore v. Moore,* 235 S. C. 386, 111 S. E. (2d) 695. In order to change the custody, however, there must be a showing of changed circumstances accruing subsequent to the entry of the decree and warranting a modification with a view to the personal welfare of the children. *Ex Parte: Atkinson,* 238 S. C. 521, 121 S. E. (2d) 4.

The order of the trial judge directs divided or alternating custody of the children between the divorced and separated parents on a daily basis, Monday through Friday of each week, during the school year, and every weekend and during the summer.

The best interest and welfare of the children demand that divided custody should be avoided if possible, and it will not be approved except under exceptional circumstances or for strong and convincing reasons. 27B C. J. S. Divorce § 308d, p. 447. See also the annotation in 92 A. L. R. (2d) 695. Divided custody is usually harmful to and not conducive to the best interest and welfare of the children.

In Nelson on Divorce (2nd Ed.), section 15.17, it is stated:

"The courts generally endeavor to avoid dividing the custody of a child between contending parties, and are particularly reluctant to award the custody of a child in brief alternating periods between estranged and quarrelsome persons. Under the facts and circumstances of particular cases, it has been held improper to apportion the custody of a child between its parents, or between one of its parents and a third party, for ordinarily it is not conducive to the best interests and welfare of a child for it to be shifted and shuttled back and forth in alternate brief periods between contending parties, particularly during the school term. Furthermore, such an arrangement is likely to cause confusion, interfere with the proper training and discipline of the child, make the child the basis of many quarrels between its custodians, render its life unhappy and discontented, and prevent it from living a normal life."

The trial judge, without making any findings of fact, directed divided and alternate custody. We have carefully reviewed the entire record in this case and find no exceptional circumstances that would justify the direction made by the trial judge. It follows that the order of the trial judge granting divided and alternate custody should be reversed.

The order of the lower court dated April 10, 1969, which we have heretofore been considering, had to do with the amount owing by the respondent to the appellant up to and including March 24, 1969. Thereafter, another controversy arose between the parties pertaining to alimony and support payments for the period between March 24, 1969, and April 11, 1969. An informal hearing was had and the court concluded that the respondent was indebted to the appellant in the amount of $189.67 for the aforesaid period of time. There was no appeal from this order.

The appellant, by her petition of July 22, 1969, as supplemented by another petition dated August 11, 1969, sets

forth that for the period from April 11, 1969, to August 9, 1969, that the respondent was in arrears in his payments in the total amount of $1,216.35. The appellant asks that the respondent be adjudged in contempt for the failure to pay the aforesaid sum. When the matter came on for a hearing before the trial judge on August 11, 1969, the respondent objected to the hearing on the ground that there was an appeal from the order of April 10, 1969, and the county court had lost jurisdiction to hear the cause until there had been a final ruling by this court. However, the court directed that the testimony be taken and that he would withhold any ruling until after the evidence was presented. The trial judge, by his order of August 29, 1969, held that he had lost jurisdiction of the cause because the appellant had filed an appeal from his order of April 10, 1969, and dismissed the petition of the appellant. This court, upon petition by the appellant, on September 10, 1969, directed the Richland County Court to proceed to judgment on the issues presented by the petition of July 22, 1969, as supplemented by the petition of August 11, 1969.

Thereafter, on September 17, 1969, the county judge issued his order in which he dismissed the petitions of the appellant and afforded her no relief. It is from this order that the appellant prosecutes this appeal.

The county judge found that under his orders of April 10, 1969, and April 18, 1969, the respondent was required to pay to the appellant $1,489.67, and had paid thereon the sum of $1,467.36. It is our conclusion that this holding was clearly erroneous as to the amount due by the respondent and the amount paid by him, and such finding is reversed.

We have heretofore reversed the county judge in reducing the child support payments from $62.50 per week to $25.00 per week and the original divorce decree of May 31, 1967 is reinstated. A simple mathematical calculation shows the amount due the appellant by the respondent for the period April 11, 1969, to August 9, 1969, to wit:

(a) Seventeen weeks for support and alimony
at $125.00 per week, .................. $2,125.00
(b) Insurance premiums May-July, 1969, .... 119.01
(c) Amount due under order of April 18, 1969, 189.67

Total ............................. $2,433.68

The respondent made the following payments:

(a) April 25, 1969, ..................... $ 87.50
    May 2, 1969, ...................... 87.50
    July 8, 1969, ...................... 100.00
    July 30, 1969, ..................... 207.00
    August 9, 1969, .................... 175.00
(b) Purchases on Credit Cards, ............ 42.50

Total ................................. $699.50

It thus appears that the respondent, as of August 9, 1969, was in arrears in the payments of alimony, child support and insurance premiums in the amount of $1,734.18. The respondent was in contempt for his failure to comply with the original divorce decree of May 31, 1967.

We should point out that the county judge was clearly in error in allowing a credit to the respondent of $750.00. This was the amount which he had been required to pay as arrearage accumulated prior to the hearing held on March 27, 1969, and it could not be credited against the amount accruing as alimony and child support subsequent to said date.

The appellant alleges error on the part of the trial judge in permitting the respondent to deduct from the alimony and support payments due to the appellant the amount of insurance premiums on any policies which he has issued upon his life for the benefit of his children. The trial judge held that no additional insurance premiums were due the appellant under his order of April 10, 1969, as they were considered in the total amount awarded to her. We point out that in the said order there was no mention of insurance

policies but since we are reversing the order of April 10, 1969, and have reinstated the original divorce decree, this question becomes moot.

It appears from the record that the respondent had certain life insurance policies which the original divorce decree required him to transfer the ownership thereof and pay directly to the appellant the premiums due under said policies and making her liable to keep said policies in effect. It also appears from the record that the respondent failed to pay to the appellant the sum of money necessary to keep these policies in force and effect, resulting in the cancellation of two of the policies. These policies should be reinstated and, if for any reason such cannot be done, there should be purchased insurance with similar coverage and the respondent required to pay the premiums thereon, in addition to the alimony and child support required under the original divorce decree. It was error to permit the respondent to purchase new policies of insurance and deduct the premiums from the alimony and support money due the appellant.

The order of the county judge modifying the custodial changes of the order of April 10, 1969, was erroneous and the exception posing this question is sustained.

The respondent alleges that he has been unable to pay the full amount required to be paid under the original divorce decree because of his financial condition. We have carefully reviewed all of the evidence regarding this issue and it is our conclusion that the trial judge was in error in reducing the alimony and support payments on this ground. The testimony does not justify such a reduction.

It is the established law in this State that in an equity case this court may reverse the findings of fact of a judge of a county court when the appellant satisfies this court that such findings are without evidentiary support or are against the clear preponderance of the evidence. *Todd v. Todd,* 242

S. C. 263, 130 S. E. (2d) 552; *Odom v. Odom,* 248 S. C. 144, 149 S. E. (2d) 353. We have reviewed the entire record in the light of the foregoing rule and conclude that the findings and conclusions of the county judge were without evidentiary support and clearly against the preponderance of the evidence.

The orders of the lower court dated April 10, 1969, and September 17, 1969, respectively, are reversed and the original divorce decree of May 31, 1967, is reinstated. The lower court is directed to hold the respondent guilty of willful contempt and should commit him to jail unless he purges himself by paying all arrearages along with counsel fees and the cost of all these proceedings. This case is remanded to the lower court for further proceedings in conformity with the views herein expressed.

Reversed and remanded.

LEWIS, BUSSEY and LITTLEJOHN, JJ., and LOUIS ROSEN, Acting Associate Justice, concur.