19235

Marlene H. LOWE, Appellant, v. James P. LOWE, Respondent
(182 S. E. (2d) 75)

*Kenneth C. Porter, Esq.,* of Greenville, *for Appellant,*

*W. Paul Culbertson, Esq.,* of Laurens, *for Respondent,*

June 9, 1971.

LITTLEJOHN, Justice:

In this domestic relations case the plaintiff-wife sought a divorce *a vinculo matrimonii* on the grounds of physical cruelty and habitual drunkenness; in the alternative, she sought a legal separation. She also sought alimony, custody of the minor children born to the marriage, child support, and reasonable attorney's fees.

The defendant-husband filed an answer and cross action for divorce *a vinculo matrimonii* on the ground of adultery, and sought for himself custody of the children.

The lower court denied both parties' request for divorce *a vinculo matrimonii,* but granted the wife's request for legal separation in the form of a divorce *a mensa et thoro.* The court granted custody of the children to the wife and directed the husband to pay $140 monthly as child support; her request for (1) alimony, (2) reasonable attorney's fees, and (3) more ample child support, were denied. It is from the denial of these three items that the wife appeals.

Neither party has appealed from that portion of the order which denied to each party a divorce *a vinculo matrimonii;*

nor does the husband appeal any portion of the order. For the purpose of our review we therefore look upon the case as one for divorce *a mensa et thoro,* or legal separation, alimony, child custody, child support, and reasonable attorney's fees.

The parties to this action have been married fourteen years. The three children involved are ages eleven, ten and six. It appears that there is no hope of reconciliation of the marital difficulties.

The rule in South Carolina is well settled that the amount to be awarded for alimony and child support, as well as a determination of whether the wife is entitled to alimony at all, is within the sound discretion of the trial judge. Such will not be disturbed on appeal unless an abuse of discretion is shown. *Welch v. Welch,* 250 S. C. 264, 157 S. E. (2d) 249 (1967) ; *Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619 (1965).

We are faced, first, with the factual determination of whether the trial judge abused his discretion in allowing only $140 monthly for support of the three minor children. In determining the proper amount of such awards a court should consider not only the needs of the children but also the ability of the father to pay and all other surrounding circumstances. *Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704 (1970). A review of the entire record convinces us that the award is not in keeping with the ability of the father to pay and with the needs of the children. We hold that the lower court abused its discretion in awarding only the amount of $140 per month.

The evidence reveals that the wife and mother has emotional problems and has undergone eighteen shock treatments. She was, however, gainfully employed as of the time of the trial in the lower court. Her income, inclusive of the $140 support payments, is approximately $410 per month. She and the three children must live on this amount. Current expenses for her and the children were estimated to be about $468 per month, and the itemization presented to the court would appear conservative.

On the other hand, the husband and father earns from his regular job approximately $759 a month and lives with his parents. His gross income from all sources, for the year 1969, was $10,400. With the payment of $140 for the support of his children he is still left with at least some $619 monthly to meet his personal expenses.

The amount of an award for child support should be fair and just to all parties concerned. *Murdock v. Murdock,* 243 S. C. 218, 133 S. E. (2d) 323 (1963). Having concluded that the amount of $140 per month was inadequate such as to constitute an abuse of discretion, we remand to the lower court for the purpose of having the support for the three children increased. As this issue is re-evaluated, the court should keep in mind that we hold the amount to be grossly out of proportion.

On the question of attorney's fees we conclude that under Code Sections 20-112 and 20-113.1 the wife's claim was well-founded, especially in the light of the disparity between the financial situation of the husband and the wife. It is inferable that she could pay her attorney only at the expense of decreasing her standard of living at least temporarily. There is no showing that she is able to pay her attorney. The fact that she did not prevail on all issues does not mean that she is not entitled to have her attorney paid by the father of the children. She was awarded affirmative relief in the custody matter, and prevailed on the legal separation issue. In addition, her attorney defended successfully the charge of adultery made against her. In failing to award attorney's fees the trial judge abused his discretion, and accordingly, on remand appropriate fees should be allowed. See *Collins v. Collins,* 239 S. C. 170, 122 S. E. (2d) 1 (1961).

Finally, we are asked to declare that the trial judge abused his discretion in denying alimony to the wife for her own support. Even though the complaint prays for alimony, the same is not granted, denied or mentioned

in the judge's order. By implication, or omission, the same is effectively denied.

Not all of the evidence presented to the lower court has been made available to us for the purpose of this review. We have only testimony of the husband and of the wife. From the evidence before this Court it is difficult, if not impossible, to place the blame for failure of this couple to live together and continue the marital relationship. We are not convinced that the meager evidence presented supports the conclusion that the wife should be finally and permanently denied alimony. Affirmance of the order of the lower court on this issue would make *res judicata* the alimony issue. Simultaneously, we cannot say that the trial judge abused his discretion in failing to grant alimony at this time. She is gainfully employed and can apparently provide for herself. The evidence reveals that the wife's health has not been good. In 1967 she was a patient at the State Mental Hospital where she was given some eighteen shock treatments as mentioned above, and treated over a period of six weeks. In 1969 she attempted to commit suicide and was hospitalized.

We are of the opinion that this is one of those cases in which the court should have reserved jurisidiction in the decree such that the alimony issue may in the future be considered. In the case of *Taylor v. Taylor,* 241 S. C. 462, 128 S. E. (2d) 910 (1962) this Court set out the procedure whereby in a proper case the trial court may reserve jurisdiction to consider alimony at a future date, after a divorce *a vinculo matrimonii* was granted. Although a complete divorce is not involved in this action, we think that the same rule of law should be applicable. Accordingly, we hold that the court did not abuse its discretion in failing to grant alimony in its decree, but also hold that the case remains open for such future action as to a court of equity may appear proper.

The case is remanded to the lower court for proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

Moss, C. J., and Lewis and Brailsford, JJ., concur

Bussey, J., concurs in result.