19661

Janie Alexander GROUT, Appellant, v. Clarence E. ALEXANDER, Respondent

(197 S. E. (2d) 826)

*Messrs. Eddie R. Harbin,* of Greenville, and *James B. Stephen,* of Spartanburg, *for Appellant,*

656

*Messrs. Harry A. Chapman, Jr.,* and *James C. Blakely, Jr.,* of Greenville, *for Respondent,*

July 12, 1973.

*Per Curiam.*

The parties to this action were divorced by a decree of the Greenville County Family Court dated August 9, 1967. The decree awarded equal custody of the couple's sixteen-year-old son, who was allowed to choose how much time he should spend with each parent. The husband, hereafter called respondent, was required to pay all necessary medical, dental and educational expenses of the child and $20.00 per week to the wife, hereafter called petitioner, for the mainte- nance of the child while living with her.

On February 25, 1971, the wife filed a petition in the cause alleging that respondent had made no support pay-

ments, as ordered by the court, since January 1, 1970. The petition further alleged that because of the child's mental condition he was unable to provide for himself and needed constant supervision and attention, for which additional support payments were required.

A hearing was held on March 5, 1971, on issues joined by the petition and an oral general denial interposed by husband. No record of the testimony was preserved. Three months later, inferably when counsel for petitioner pressed for a decision, the court instructed him to present an order exonerating respondent from support payments accruing prior to March 5, 1971, but requiring payment of $20.00 per week thereafter, directing that the parties share future medical and dental expenses and directing that petitioner bear the expense of any special schooling for the child. Counsel served notice of intention to appeal, and presented such an order, which the court declined to sign because, according to the court-settled statement of the case, it "contained some matters which had not been included in the oral directions of the Court."

On July 20, the court advised counsel for petitioner and respondent to negotiate an agreement as to the child's future, indicating that another hearing would be scheduled if they failed to agree. When efforts in this direction failed, counsel for petitioner requested another hearing, which the court scheduled for November 17, 1971. Instead of conducting a hearing on that date, quoting from the court-settled statement, "(T)he Court announced it had determined that the Petitioner's request for increased weekly support payments from the Respondent had not been substantiated by the evidence (which had been taken more than eight months before, interpolated). Further, in light of the Respondent's financial situation, the Court held that he had more than adequately discharged his duty to provide support for the child of the parties and should not be held in contempt.

The Court also noted that the child of the parties had become twenty-one (21) years of age on October 20, 1971.[1] Counsel were instructed to prepare an order denying the relief sought in the Petition of Appellant dated February 25, 1971." An order of this tenor was presented and signed February 22, 1972, only a few days short of one year after petitioner had sought relief in the Family Court and after the only testimony taken had been heard. Either by inadvertence or design, the court's *sua sponte* imposition on petitioner of one-half of medical expense and all of the expense of special schooling, included in its instructions to counsel of June 3, 1971, was omitted from this order. The petitioner has appealed.

The facts stated above, except as otherwise indicated, have been taken from the court-settled statement of the case. This statement varies significantly from the statement proposed by petitioner, which is printed in an appendix to the record. The order settling the case states no reason why the statement proposed by petitioner was rejected and that of respondent ordered printed. The facts do not otherwise appear in the record except in a document styled "Hearing, March 5, 1971," which is indexed "Transcript as Ordered settled by the Court,"[2] and in the order of February 22, 1972, denying all relief to petitioner.

The two important issues before the court in this proceeding were whether respondent had defaulted in making payments to petitioner as required by the divorce decree, if so, whether his default was contumacious; and, whether changed circumstances justified reexamination of the child's requirements.

> The court's conclusion that respondent had more than
> ▌ adequately discharged his duty to support the child
> was error plain on the record. Upon entry of the

---

[1] No issue is raised by either party based upon the child's having reached his majority.

[2] On its face, this "transcript" does not purport to state or summarize all of the testimony taken at the March hearing.

1967 decree respondent's obligation was to abide its terms. Other expenditures for his son, some of which were required by the decree and some of which were not, did not excuse his failure to make the required weekly payments to petitioner after January 1, 1970, while the child was living with her. *Mixson v. Mixson,* 253 S. C. 436, 171 S. E. (2d) 581 (1969). The exceptions challenging the court's contrary conclusion are sustained.

The son of the parties was sixteen years of age when the divorce was granted. It is obvious from the terms of the decree as to his custody that he was considered a child of sound mind. Since then he has become mentally ill, with attendant financial, mental and physical burdens upon his custodian, who, by clear inference from the record, principally, has been his mother. In concluding that the evidence was insufficient to sustain petitioner's claim based upon change of conditions, the court made no specific findings of fact inconsistent with the medical report or with the clear inference from the scant record that change of conditions of the utmost gravity and significance has occurred. The exceptions which challenge the court's contrary conclusions are sustained.

The record made in the court below is wholly inadequate for the exercise of our equity jurisdiction to find the facts according to our view of the evidence. The only appropriate remedy is a new trial, on which both parties shall be entitled to be fully heard and to have the testimony suitably preserved.

Reversed and remanded.