20040

Dan E. BEASLEY, Respondent, v. Dorothy S. BEASLEY, Appellant

(216 S. E. (2d) 535)

*Messrs. Nash and Chappell,* of Sumter, *for Appellant,*

*Messrs. Baker & Etheridge,* of Darlington, *for Respondent,*

June 18, 1975.

NESS. Justice:

This is a divorce action between the parties who were married in 1936 and separated in 1970. The children are *sui juris*.

The exceptions on this appeal all arise out of the basic contention that the trial court abused its discretion in awarding inadequate property settlement and alimony.

The general rule is that in determining the amount of alimony to be awarded, the matter is one addressed to the trial court's broad discretion and that in the absence of a clear abuse of such, the order granting or denying it will not be disturbed. Divorce, Key § 235.

Alimony is founded upon the legal duty of the husband to support his wife. It is not intended as a penalty against him, nor as a reward to the wife.

While the financial condition of the husband, and the needs of the wife are important, they are not the only essentials to consider in determining the amount. There must also be considered all other circumstances of the particular case such as the age and health of the parties, their respective earning capacity, their individual wealth, the amount she contributed to the accumulation thereof and the conduct of the parties. *Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704 (1970).

We held in *Porter v. Porter,* 246 S. C. 332, 339, 143 S. E. (2d) 619, 623 (1965).

"Where the findings of fact are by the Trial Judge himself, who had an opportunity of not only considering the testimony but also of viewing the parties and the witnesses and considering their attitudes in adjudging the veracity of their testimony, as in this case, makes for a still stronger application of the rule, that his findings will not be disturbed unless it appears that such are without evidentiary support or against the clear preponderance of the evidence."

Here the wife was awarded a Thirty-five Thousand ($35,000.00) Dollar home together with substantial personal property and Five hundred twenty-five ($525.00) Dollars per month alimony. We have carefully scrutinized all of the circumstances disclosed by the record and are not persuaded that the trial court abused its discretion. It would serve no useful purpose to recite the facts upon which the trial judge relied.

It is next contended that the amount of fee awarded the appellant's attorneys was inadequate. While the amount of the fee awarded may be low we are not convinced that it was inadequate in view of the agreements of the parties.

Under all of the circumstances, we are of the opinion that the record does not disclose a manifest abuse of discretion and the judgment is therefore,

Affirmed.

614

MOSS, C. J., and LITTLEJOHN and BRAILSFORD, JJ., concur.

LEWIS, J., not participating.