20043

Clyde Daniel SMITH, Respondent, v. Kathy Sue SMITH, Appellant
(216 S. E. (2d) 541)

*Marshall W. Abercrombie, Esq.,* of Laurens, *for Appel-
lant,*

*W. Thurmond Bishop, Esq.,* of Greenwood, *for Respondent,*

June 19, 1975.

Moss, Chief Justice:

Clyde Daniel Smith, the respondent herein, on March 27, 1972, petitioned the Family and Civil Court for Greenwood County for the right to live separate and apart from his wife, Kathy Sue Smith, the appellant herein, and for custody of their three minor children. The court granted the relief sought but gave custody of the children to the appellant and directed the respondent to pay $50.00 per week for their support. The appellant was also denied the right to either the title to or possession of the family home for occupancy by her and the minor children.

Subsequently, the respondent instituted this action seeking a divorce *a vinculo matrimonii* on the ground of physical cruelty, Section 20-101(3) of the Code. This action resulted in a decree granting the respondent such divorce and awarding the custody of the minor children to the appellant with support payments in the amount of $50.00 per week. The appellant's claim to possession of the home as her alimony was denied as was her claim for attorney's fees. The wife prosecuted an appeal to this Court from such decree, and

the order of the lower court was reversed in part and the case remanded thereto for further proceedings in conformity with our opinion. *Smith v. Smith,* 262 S. C. 291, 204 S. E. (2d) 53.

In reversing the lower court, we held that: (1) The husband failed to establish by the preponderance of the evidence that his wife had been guilty of physical cruelty within the meaning of our divorce statute; (2) The wife failed to establish by the preponderance of the evidence that her husband was guilty of adultery; (3) The award of $50.00 per week for the support of the minor children of the marriage was inadequate and should be increased in order to meet the reasonable needs of the children; (4) Consideration should be given to the question of whether the appellant was in need of additional funds for the straightening of the teeth of two of the children; (5) A reconsideration was necessary on the question of whether the appellant is entitled to an award of alimony; and (6) The trial judge should fix an appropriate fee for the wife's attorney, such to be paid by the husband.

Pursuant to the mandate of this Court, the trial judge conducted a hearing at which additional testimony was offered by all parties. Thereafter, the trial judge filed his order (1) increasing the support payments for the minor children to $70.00 per week plus 3% collection costs, or a total of $72.10; (2) denying the wife alimony and possession of the home owned by the husband; (3) continuing the custody of the children with the wife but providing the father visitation rights; (4) giving the wife possession of all the furniture and household furnishings in the home of the husband with the exception of one bedroom suite; (5) refusing to require the husband to make any further payment on the dental expenses of the children at the present time; and (6) awarding the wife's attorney the additional fee of $350.00, making a total of $700.00. This appeal followed.

The appellant alleges error on the part of the trial judge in failing to grant more than $70.00 per week for the support of the three minor children.

The rule in this State is well settled that the amount to be awarded for alimony and child support, as well as a determination of whether the wife is entitled to alimony at all, is within the sound discretion of the trial judge. Such will not be disturbed on appeal unless an abuse of discretion is shown. In determining the proper amount for such awards the court should consider not only the needs of the children but also the ability of the father to pay and all other surrounding circumstances. *Lowe v. Lowe*, 256 S. C. 243, 182 S. E. (2d) 75.

In *Graham v. Graham*, 253 S. C. 486, 171 S. E. (2d) 704, we said:

"In arriving at the amount of alimony and child support, the trial judge should take into consideration the needs of the wife and child and the financial ability of the husband and father to meet them, considering his income and assets. It is proper to consider the wife's health, age, general physical condition, and her income and earning capacity. It is also proper to consider the husband's necessities and living expenses in fixing the amount of alimony and child support. The amount of the award for alimony and child support should not be excessive but should be fair and just to all parties concerned. *Murdock v. Murdock*, 243 S. C. 218, 133 S. E. (2d) 323; *Porter v. Porter*, 246 S. C. 332, 143 S. E. (2d) 619."

**It is the position of the appellant that the support for the** minor children should have been fixed at $80.00 per week. The evidence reveals that the father had a gross income from his regular and overtime work for the year 1973 in the amount of $10,738.55, from which was deducted the total $1,973.67, representing social security, state and federal income taxes, leaving a net income of $8,764.88, or an

average weekly wage of $168.56. After deductions for taxes and social security, the father's net pay from January 1, 1974 to May 14, 1974, the date of this trial, ranged from $158.68 to $161.94 per week. Testimony shows the average weekly expenses of the father to be as follows:

| | |
|---|---:|
| Mortgage home payment | $ 17.91 |
| Life insurance on father and children | 4.79 |
| Vehicle liability insurance | 5.52 |
| House insurance | 2.60 |
| Electrical service | 8.75 |
| Telephone | 2.62 |
| Gasoline (estimated) | 10.00 |
| Food | 10.00 |
| Tax on home | 2.92 |
| Credit Union payment | 50.00 |
| City fire protection | .54 |
| TOTAL | $ 115.65 |
| Child Support as ordered | 72.10 |
| TOTAL | $ 187.75 |

It also appears that the father is indebted to his parents in the amount of $1,988.64, and this has not been taken into account in the above tabulation. It should be pointed out that the husband is also required to pay his wife's attorney the additional sum of $350.00.

The only property owned by the husband is the home, two cars, one of which is in the possession of and being used by the wife, and a motorcycle.

It is our conclusion, taking into consideration the income and assets of the husband and also his necessities and living expenses, that the award of $72.10 per week for the support of the minor children is fair and just. We think that the trial judge exercised a sound dis-

cretion in the award made for the support of the minor children.

The appellant alleges error on the part of the trial judge in failing to award orthodontic expenses for one of the minor children.

The record shows that this child was examined by an orthodontist and he estimated the cost of braces and treatment of her teeth to be $1,125.00. The trial judge made no allowance for this expense, at this time, finding that no emergency existed and this dental work could be started at any time the parties desired. The record does show that the husband paid this same orthodontist for dental work for the oldest child at $25.00 per month. In view of the financial condition of the husband, as we have heretofore outlined, we find no abuse of discretion on the part of the trial judge in refusing an award for the dental expenses of this child.

The wife alleges that the trial judge erred in failing to award her title to and the exclusive possession of the house and lot owned by the husband as lump sum alimony.

Section 20-113 of the Code authorizes the Court to grant alimony in actions for divorce *a vinculo matrimonii* and provides that:

"In any award of permanent alimony, the court shall have jurisdiction to order periodic payments or payment in a lump sum."

Section 20-113.1 of the Code provides that:

"In all actions for divorce *a mensa et thoro,* allowances of alimony and suit money and allowances of alimony and suit money *pendente lite* shall be made according to the principles controlling such allowance in actions for divorce *a vinculo matrimonii.*"

The general rule is that the word "alimony" is restricted to payments in money. 27A C. J. S. Divorce Section 235(c), at page 1080; and *Lloyd v. Lloyd,*

183 Ga. 751, 189 S. E. 903. We think that the only reasonable conclusion that can be reached is that our statute contemplates the payment of alimony in money. This being true, the court has no power to award any specific property of the husband as alimony. In the case of *Wilson v. Wilson,* 195 Va. 1060, 81 S. E. (2d) 605, it was held that the rule has long been established in Virginia that specific property should not be allotted to the wife as alimony in a divorce proceeding, since alimony is merely a personal judgment in favor of the wife against the husband. It was further held that this rule also applies to seperate maintenance. It follows that the court is wihout authority to set apart to the wife as alimony any specific property of the husband. See 133 A. L. R. 860, and the cases therein cited.

It follows that there was no error on the part of the trial judge in refusing to award the wife, as lump sum alimony, the title to and exclusive possession of the house and lot owned by the husband.

The next question for consideration is whether the trial judge erred in failing to award the appellant only $350.00 as additional attorney's fees.

The trial judge has now allowed the attorney for the wife the total sum of $700.00 as attorney's fees. The allowance of counsel fees and the amount thereof is within the sound discretion of the trial judge. We find no abuse of discretion here. *Bond v. Bond,* 252 S. C. 363, 166 S. E. (2d) 302, and *McNaughton v. McNaughton,* 258 S. C. 554, 189 S. E. (2d) 820.

The appellant alleges error on the part of the trial judge in failing to grant her the costs incurred on her first appeal to this Court. This question was not presented or passed upon by the trial judge, and, hence, it is not properly before us for decision. *Cleveland v. Cleveland,* 243 S. C. 586, 135 S. E. (2d) 84.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LITTLEJOHN and NESS, JJ., concur.

LEWIS and BUSSEY, JJ., concur in result.