20412

Mary Schuyler CAMPBELL, Appellant, v. George Bruce McPHERSON, Jr., Respondent.

(234 S. E. (2d) 774)

*Messrs. George N. Funderburk,* of Greenville, and *Frank K. Sloan,* of Columbia, *for Appellant,*

J. D. Todd, Jr., Esq., of *Leatherwood, Walker, Todd &
Mann,* Greenville, *for Respondent,*

May 2, 1977.

RHODES, Justice:

This is an appeal from a denial by the Family Court judge
of a requested increase in support for the parties' minor
daughter. The relief sought is premised on alleged changed
conditions since a prior decree in 1970.

The parties to this action were divorced *a vinculo matri-monii* by a decree of the Family Court of Greenville County, dated November 9, 1970. The decree directed the respondent to pay the appellant the sum of $1,500.00 per year (in installments of $125.00 monthly) for the support of the minor daughter; to maintain certain life insurance for the benefit of the child; and to maintain in full force and effect insurance providing medical, dental, and other benefits for the daughter.

A hearing in the present proceeding was held on April 21, 1976. Thereafter the court issued its order denying the relief sought by the appellant, in essence affirming the provisions of the final divorce decree of November 9, 1970.

The general rule in cases of this nature is that the amount to be allowed for child support is, under all of the facts and circumstances of the particular case, within the sound discretion of the trial judge, and his decision will not be disturbed on appeal absent a showing of abuse of discretion. *Fender v. Fender,* 256 S. C. 399, 182 S. E. (2d) 755 (1971). Furthermore, as this Court has stated previously, the trial court has authority to increase, decrease, or terminate, upon proper showing of a change of conditions, the support payments provided for in a judgment of divorce. S. C. Code Ann. § 20-115 (1962) ; *Smith v. Smith,* 262 S. C. 291, 204 S. E. (2d) 53 (1974) ; *Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704 (1970).

The evidence in the case before us reveals that at the time of the final decree of divorce in 1970, the respondent's net income was $6,997.00 annually. In 1975, however, his net income had risen to $15,587.43 annually. The appellant testified that it cost nearly $14,000.00 in 1975 to support the daughter, and maintains that this figure is a sharp increase over the total cost of support in 1970. The cost of living in general since 1970 has increased substantially. The minor daughter, as a teenager, now has additional needs. The record sustains the appellant's contention

that the increased cost of living, as well as the increased cost of maintaining the child, now of high school age, requires a greater contribution from the respondent, whose earning capacity has risen significantly since 1970. The 1970 determination of child support payments is inadequate to meet the reasonable present needs of the minor daughter. In light of the evidence recounted above, we are of the opinion that the Family Court judge abused his discretion in refusing an increase in support payments.

The $14,000.00 cost of support also included the amount of $2,000.00 for psychiatric services rendered to the child in 1975. The trial judge failed to make any specific findings or to rule with respect to the necessity of the psychiatric care. The record is inadequate for the exercise of our equity jurisdiction to find the facts according to our view of the evidence. The case must, therefore, be remanded for further evidence so that the Family Court judge may determine whether reimbursement by the respondent for the sums incurred for the psychiatric treatment is justified. See *Grout v. Alexander,* 260 S. C. 655, 197 S. E. (2d) 826 (1973).

With respect to alleged error on the part of the court in refusing to grant attorney's fees to the appellant, we reiterate the rule in cases of this nature that an award of such fees is discretionary. *Nienow v. Nienow,* S. C., 232 S. E. (2d) 504 (filed Feb. 9, 1977) ; *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975). We conclude, however, that the court abused its discretion in refusing to award reasonable attorney's fees particularly in light of the fact that the evidence demonstrates a change of conditions entitling the appellant to relief.

On remand, the court is instructed to (1) modify the 1970 divorce decree by determining a reasonable increase in child support payments in light of the evidence presented; (2) make a finding of facts with respect to whether the costs incurred for psychiatric care were justified; and (3) deter-

mine reasonable attorney's fees to be awarded to counsel for the appellant.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting):

The majority opinion completely disregards the evidence, undisputed in the record, that the wife's dividend income exceeds $15,000.00 and that she has recently purchased a shopping center for over $106,000.00, as opposed to a gross income of the husband of $22,000.00, with a net income, after taxes, of approximately $15,600.00.

The amount to be awarded for child support is within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975). Facts to be considered include the needs of the child, financial ability of the husband to pay, the wife's health, age and general condition, *and the wife's income and earning capacity. Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704 (1970); 27B C. J. S. Divorce § 322, page 696; 24 Am. Jur. (2d), Divorce and Separation, § 848, page 962.

The increase in the cost of supporting a child may under certain circumstances justify an increase in child support where the change is substantial and the father has the ability to pay. To support the increase desired by the appellant it must be shown not only that the reasonable, not extravagant, needs of the child have increased but also that the respondent has the ability to pay a larger sum. I agree with the trial court that the evidence does not justify an increase in child support payments. 89 A. L. R. (2d) 7, § 21, page 61.

This Court has consistently held, "the parties' relative financial condition is a valid consideration. *Murdock v. Murdock,* 243 S. C. 218, 133 S. E. (2d) 323 (1963). It is also proper to consider the husband's necessities and living expenses. *Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d)

704 (1970)." *Spence v. Spence,* 260 S. C. 526, 529, 197 S. E. (2d) 683 (1973).

In addition to regularly making his support payment of $1,500.00 per year, as ordered by the divorce decree, respondent has paid premiums of $409.00 annually on a $25,000.00 life insurance policy payable to the appellant as trustee for the benefit of the minor child. He has defrayed the child's medical expenses including a major medical insurance policy for her benefit.

The trial court also found as a fact that the husband's support of the child constituted between 15 and 20 per cent of his total disposable income, and that many items claimed by the appellant could not be considered necessities of the child.[1] We held in *Smith v. Smith, supra,* that orthodontic treatment of the child was not a necessity, and that in determining the proper amount for child support the court should consider not only the *need* of the child but "also the ability of the father to pay *and* all other surrounding circumstances. *Lowe v. Lowe,* 256 S. C. 243, 182 S. E. (2d) 75." *Smith v. Smith, supra,* 264 S. C. at 628, 216 S. E. (2d) at 543. (Emphasis added.)

Former Mr. Chief Justice Moss, speaking for the Court, in *Porter v. Porter,* 246 S. C. 332, 339, 143 S. E. (2d) 619, 623 (1965), stated:

"Where the findings of fact are by the Trial Judge himself, who had an opportunity of not only considering the testimony but also of viewing the parties and the witnesses and considering their attitudes in adjudging the veracity of their testimony, as in this case, makes for a still stronger application of the rule, that his findings will not be disturbed unless it appears that such are without evidentiary support or against the clear preponderance of the evidence." See also *Beasley v. Beasley,* 264 S. C. 611, 613, 216 S. E. (2d) 535 (1975);

---

[1] The claimed necessities included $20.00 per month for guinea pigs and fish, another item for plants and pots, $3.00 per week for books, and $10.00 per week for spending money. Additionally, domestic help for the daughter in the amount of $900.00 annually is listed even though the appellant is unemployed and has a Masters Degree.

*Fender v. Fender,* 256 S. C. 399, 406, 182 S. E. (2d) 755 (1971).

Under all of the circumstances, taking into particular consideration the income of the parties and the necessary living expenses of the child, I am of the opinion that the record does not disclose a manifest abuse of discretion and I would affirm the trial court, with the exception that I would remand to take further testimony as to whether psychiatric care is justified.