20417

Martha E. RICE, Respondent, v. Maurice D. RICE, Appellant.

(234 S. E. (2d) 777)

*William H. Burkhalter, Jr., Esq.,* of North Augusta, *for Appellant.*

*George B. Snelling, Jr., Esq.,* of North Augusta, *for Respondent.*

May 4, 1977.

NESS, Justice:

This action was instituted by the respondent-wife seeking to enforce alimony provisions incorporated in a Florida divorce decree. Appellant has conceded his failure to make alimony payments but asserts justification due to a change of conditions. He, therefore, sought discharge of the arrears and counterclaimed for a reduction or discontinuance of future payments.

It is stipulated that appellant attempted to offer testimony and evidence to factually establish justificaion for a reduction or termination of alimony payments. The Family Court refused to allow any evidence or testimony at the hearing. Pivotal factual findings such as an insubstantial reduction in income and consummation of the prior alimony agreement in contemplation of eventual retirement were made by the court without the benefit of any testimony or evidence. Likewise, this Court is deprived of a record whereby we may properly review the determination. The Order inherently contravenes Rule 13 of the Rules of Practice and Procedure in the Family Court, Vol. 15, Code of Laws, (1975 Cum. Supp.), as there are no salient facts upon which the Order could be granted. Failure to observe this rule justifies reversal. *Simons v. Simons,* 263 S. C. 509, 211 S. E. (2d) 555 (1975); *Powell v. Powell,* 256 S. C. 111, 181 S. E. (2d) 13 (1971).

Accordingly, the case is reversed and remanded for the purpose of allowing the parties to be fully heard on the substantive factual issues. *Grout v. Alexander,* 260 S. C. 655, 197 S. E. (2d) 826 (1973).

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.