1080

Betty J. FOSTER, Appellant v. Solomon Ira FOSTER, Respondent.
(364 S. E. (2d) 753)

Court of Appeals

*Darra Williamson Cothran* of *Woodward, Leventis, Unger, Ormand, & Herndon,* Columbia, *for appellant.*

*Howard S. Sheftman* of *Finkel, Georgaklis, Goldberg, Sheftman & Korn,* Columbia, *for respondent.*

Heard Dec. 7, 1987.

Decided Jan. 25, 1988.

GARDNER, Judge:

The appealed order denied the petition of Betty J. Foster (the mother) for alleged arrearages in child support and attorney fees and granted Solomon Ira Foster (the father) a reduction in child support and attorney fees. We affirm in part and reverse in part and remand.

The issues presented are whether (1) the family court erroneously held that the father fulfilled his child support obligations by making a down payment on a house titled in his name, (2) the family court erroneously granted a reduction in the child support payments because of the emancipation of the parties' elder child and (3) the award to the father of $1,000 in attorney fees was erroneous and (4) the trial judge erred in not awarding attorney fees to the mother.

The mother and the father were divorced November 3, 1978; the decree required the father to pay $100 per month to the wife as child support.

In 1980, the father bought a house and borrowed $5,000 for the down payment; he made monthly payments of $129.17 over a five-year period to pay for the down payment he made on the house. At the father's suggestion, the mother and the two children moved into the house; they had previously lived in an apartment costing $154 per month for rent and electricity.

The mother made all the mortgage payments (about $250 per month), which included taxes and property insurance, but the father claimed the tax advantages and retained title to the property.

The father alleges and testified that the parties agreed that the father would pay $129.17 to the bank from which he had borrowed the $5,000 down payment on the house and that this payment of $129.17 to the bank would be in lieu of the child support payments that he was obligated to make under the divorce decree. He further alleges that it was the agreement of the parties that when the loan for the down payment was paid, he would resume the child support payments to the wife.

The mother, on the other hand, alleged and testified that the father contracted to transfer the title to the house and lot to the mother in consideration for the mother's promise to refrain from attempting to collect the child support payments and that the father had refused to convey the house to the mother.

The appealed order held that the father "should be entitled to credit for the voluntary expenditures consented to by the mother as alternatives to child support and said expenditures are appropriate so that he is not required to pay additional child support." The appealed order concluded as a matter of law that there was no resulting unfairness to the mother or children as a result of the father's conduct and cited in support of this finding the case of *Skinner v. Skinner*, 252 Ga. 512, 314 S. E. (2d) 897 (1984). We disagree.

The general rule is that it is the obligation of the divorced husband to pay the specified amounts according to the terms of the decree and he should not be permitted to vary these terms to suit his own convenience. *Mixson v. Mixson*, 253 S. C. 436, 171 S. E. (2d) 581 (1969). Voluntary expenditures not prescribed by the decree were considered gifts or gratuities in *Mixson*, and the father was not allowed credit for them against his arrearages.[1]

---

[1] *See also Grout v. Alexander*, 260 S. C. 655, 197 S. E. (2d) 826 (1973), *infra* and *Eagerton v. Eagerton*, 265 S. C. 90, 217 S. E. (2d) 146 (1975) (citing *Mixson*).

In *Grout v. Alexander*, 260 S. C. 655, 658-659, 197 S. E. (2d) 826, 827 (1973) the court stated:

> Upon entry of the 1967 decree [father's] obligation was to abide its terms. [sic] Other expenditures for his son, some of which were required by the decree and some of which were not, did not excuse his failure to make the required weekly payments to [mother]. . . .

The above South Carolina authority is consonant with the general law of the land. 24 Am. Jur. (2d) *Divorce and Separation*, Section 1077, (1983). Nevertheless many courts have recognized that situations may arise in which equitable considerations may permit an obligor spouse to be given credit against support payments for voluntary expenditures made on behalf of a minor child. Such credit has been allowed in a number of cases under a theory termed a "compulsion of circumstances." *Id.* Consent or agreement by the custodial spouse to accept certain alternative methods of discharge of a support obligation is one of the circumstances often giving rise to the application of this rule. This rule, however, has never been applied by the courts of this State.

In the case before us the father made the down payment on a house which was titled in his name; the mother made the payments of both remaining principal and interest on the house and paid the taxes and insurance on the house. Under these circumstances, we reject the holding of the appealed order that as a matter of law there was no resulting unfairness to the mother or children. There was and we so hold. It is clear that the father, at the mother's expense, purchased and developed an equity in property which was titled in his name and received and retained tax advantages from this acquisition.

Moreover, the rights of minor children cannot be prejudiced by an agreement between the parties. *Peebles v. Disher*, 279 S. C. 611, 310 S. E. (2d) 823 (Ct. App. 1983).

In view of the above authorities and reasons, the appealed order is reversed insofar as it held that the father did not owe the arrearages. And we so hold. We reverse and remand on this issue to determine the amount of arrearages owed by the father.

Next, we hold that it was within the trial judge's discretion to reduce the future child suport payments from $100 to $75 per month based upon the admitted fact that one of the two children had reached his majority and for other reasons based on facts of record. We, therefore, reject this contention of the mother.

We reverse the award of attorney fees awarded to the father and affirm the denial of attorney fees to the mother. Under the circumstances of this case, we hold that each party must bear his own attorney fees.

For the above reasons, the appealed order is affirmed in part, reversed in part and remanded for purposes of determining the amount of support arrearages owed by the father.

Affirmed in part, reversed in part and remanded.

SANDERS, C. J., and GOOLSBY, J., concur.