## 16136

### KENDALL v. KENDALL
(50 S. E. (2d) 191)

*Messrs. Thompkins and Tompkins,* of Columbia, *and Harry D. Reed,* of Waycross, Georgia, *for Appellant,* 

*Messrs. C. T. Graydon,* and *Robinson & Robinson,* of Columbia, *for Respondent,*

October 12, 1948.

TAYLOR, Justice.

On or about September 18, 1939, the Honorable E. C. Dennis, then presiding in the Fifth Judicial Circuit, passed a decree as a result of an action begun by appellant (at that time the wife of respondent), wherein and whereby he or-

dered the respondent to pay to the appellant the sum of one hundred dollars ($100.00) per month for her support and maintenance for the term of sixty (60) consecutive months or until the death of either the plaintiff or defendant (appellant and respondent here respectively) or the remarriage of appellant prior to the expiration of the said time. This decree further provided for the payment of counsel fees in behalf of appellant and for the payment of costs of the action. The decree contained a provision that the action should remain open for such administrative orders as the circumstances might require. Upon respondent's faithful performance of the several obligations imposed upon him by said decree, he was, in express terms, forever released and discharged from other and further obligation to support and maintain plaintiff.

Although not referred to in the decree, the substance of which is above set forth, the decree follows with exactitude the provisions of an agreement by and between appellant and respondent of identical date. The decree was issued on motion of appellant's attorney with the appended consent of both defendant and his counsel.

In July, 1946, the appellant, Edith S. Kendall, petitioned the Court of Common Pleas for Richland County (the same Court from which the decree hereinabove described issued) to reopen that decree and that she be granted additional support and maintenance from the respondent for the reasons alleged in the petition. Upon this verified petition a rule to show cause and a temporary injunction were issued, the effect of which was to restrain respondent from disposing of, selling, or encumbering a certain house and lot located in Columbia until further order of the Court, and requiring respondent to show cause on a subsequent date why this injunction should not be continued until the trial of the cause on its merits, and why he should not be required to pay appellant, during the pendency of the cause, alimony and suit money and counsel fees.

To this rule the respondent made return wherein he plea'd the marriage of the parties and subsequent separation and the action which resulted in the decree of September 18, 1939, along with an annexed copy of the said decree. He also prayed reference to the contract upon which the decree was apparently based and annexed copy thereof to his return. The respondent set up the decree and contract referred to as a bar to petitioner's right to the relief sought, and furthermore asserted that in the interim between the decree of September 18, 1939, and the institution of the present proceeding, the respondent prosecuted an action against appellant in Richmond County, Georgia, which resulted in a divorce decree, which incorporated Judge Dennis' decree, copy of which was likewise attached to respondent's return. The respondent alleged that the action of the Richmond County, Georgia, Court and the decree issued therefrom resulted in a dissolution of the bonds of matrimony, which theretofore had existed between respondent and appellant, and that the South Carolina Court accordingly had no jurisdiction to modify the Georgia Court's decree.

The petition filed by appellant and the return of respondent resulted in further pleadings by the parties which contribute substantially nothing to the matters at issue as this Court views the matter. The petitioner alleged in her various pleadings that the agreement of September 18, 1939, and Judge Dennis' decree, which, to all intents and purposes ratified the same, were brought about through the illness of petitioner, her belief that she was compelled to accept the provisions of the agreement and decree or gain nothing from respondent, and by his, respondent's, assurances that he would see that she would want for nothing throughout the period of her life. She further alleged that at the time that she entered into the arrangement embodied in the agreement and decree, she was of the belief that she would die before the running of the period therein provided for.

On the hearing of the return to the rule, Judge Mann resolved all issues adversely to appellant, holding in substance that under the facts set forth in the petition and reply and the various subsequent pleadings and facts admitted before him, the petition should be dismissed on several grounds; among them, that there was no showing she had been overreached or that she was not fully advised as to her rights when she entered into the contract and when, upon motion of her own attorneys, Judge Dennis passed his decree. As Judge Mann's order points out, the record admits that appellant had the benefit of the advice and counsel of a highly competent attorney, who approved the contract in writing prior to its execution by the appellant. As Judge Mann further points out, the respondent has fully complied with all of the burdens imposed upon him both by the contract and by Judge Dennis' decree, all of which the appellant has received the benefit of and has not returned, and waited more than seven years and until after the contract had been fully complied with before instituting this proceeding.

Judge Mann's decree further holds that the decree of the Georgia Court dissolving the bonds of matrimony between the parties cannot be attacked in the South Carolina Courts, she having filed appearance in the said Court and the Georgia decree being entitled to a *prima facie* presumption of validity, and there having been no appeal therefrom in that jurisdiction.

Subsequent to Judge Mann's decree the appellant applied to Judge Bellinger, resident Judge of Richland County, for an order of reference, who held that Judge Mann's order of November 25, 1947, gave the respondent judgment in accordance with the order and that there was accordingly nothing which could or should be referred, and thereupon refused the motion for an order of reference.

Appellant's exceptions relate to both the decree of Judge Mann and the order of Judge Bellinger and are sixteen (16)

in number. However, in our view, the only questions presented to this Court are the effect of the agreement and decree of September 18, 1939.

It is our view that the decree of Judge Mann properly dismissed the petition of appellant and that the dismissal was fully justified under the facts appearing from the pleadings and by what Judge Mann held to be admitted in the record made before him. We concur in Judge Mann's holding that when the appellant entered into the contract of September 18, 1939, and thereafter sought and gained the same benefits by a decree of the Court below, having, at the time, able and considered advice thereabouts and having accepted through the years intervening all the benefits which flowed therefrom, she cannot now be heard to say that, she did not appreciate or realize the consequences of her acts in bringing these circumstances about.

All exceptions are accordingly overruled and the appeal dismissed.

Affirmed.

BAKER, C.J., and FISHBURNE, STUKES, and OXNER, JJ., concur.