20037

Virginia T. JACKSON, Appellant, v. W. C. JACKSON, Jr., Respondent

(216 S. E. (2d) 530)

*John Gregg McMaster, Esq.,* of Columbia, *for Appellant,*

*Marion L. Powell, Esq.,* of Aiken, *for Respondent,*

June 17, 1975.

*Per Curiam:*

In this action for divorce the wife was awarded a divorce on the ground of desertion, periodic alimony and child support for the two children of parties who are still residing with the wife. She appeals, contending that the financial relief awarded was inadequate. Her exceptions are 15 in number but only three questions are stated and argued. In violation of rule 8, section 3, of this Court, appellant's brief makes no reference to the specific exceptions alleged to raise the severally stated questions, leaving this Court the task of searching for which exceptions are abandoned and which are still relied upon by appellant. Despite noncompliance with the rule we have fully reviewed the record and the order of the lower court in the light of the 3 questions stated and argued. We are

unconvinced of any prejudicial error which would require a reversal. No useful purpose could be served, we think, by reviewing in detail all of the evidence or the contentions of the appellant-wife with respect thereto and we shall deal only briefly with the questions argued.

It is first contended that she should have been granted a greater award of alimony, as well as security therefor. Briefly, the situation is that the respondent-husband is a man of some substance with several business interests. In the two calendar years immediately preceding the hearing below the husband's spendable income, after taxes, was between $25,000.00 and $30,000.00 per annum. The wife was awarded, by way of periodic alimony for her support, more than one third of such net income, after taxes, plus child support. There is evidence from which it might be reasonably inferred that both the needs of the wife and the ability of the husband to pay, may well increase in the future, but the decree of the lower court recognizes the right of the wife, under the law, to further pursue her right to adequate alimony in the light of any substantial change of condition. Under the circumstances which existed at the time of the hearing below we are not convinced there was any such inadequacy as would constitute an abuse of discretion and warrant a reversal.

It is next contended the court should have required the father to provide for the college educational needs of his two minor children. The hearing below was held in September, 1973. The parties had three children, the eldest of whom was then 24 years of age, well educated and fully emancipated. The second child, a daughter, was 20 years of age and in college and the youngest child was a boy 19 years of age and about to enter college. The wife sought, *inter alia,* that the husband be required to pay for the completion of the college education of the two younger children, including the providing of sufficient life insurance, with the wife as beneficiary, to assure the payment of the

college educational expenses of the two younger children. The trial court in denying such relief misconstrued, we think the holding of this Court in *Fender v. Fender,* 256 S. C. 399, 182 S. E. (2d) 755. The clear import of the decision in that case is that where the circumstances warrant the court has the power to order the father to provide for the college education of his minor children including provisions of a fund, by life insurance, effective upon his death, for the continued support and education of such minor children.

The record shows without question that the respondent-husband has been providing for the educational needs of the children of the parties, including college educations, and that he is willing and able to continue so doing. In his answer the husband alleged that he was "particularly willing and desirous of providing for the educational and college expenses of the children as their needs arise", fully recognizing his obligation therefor just as did the husband and father in the *Fender* case. Under the circumstances reflected by the record, which are quite different from the facts in *Fender,* we do not think the wife was entitled to require the discharge of such obligation by funneling the educational expenses of the children through her and providing security therefor by life insurance.

Finally it is urged that the amount of the fee which the respondent-husband was ordered to pay to the attorney for the appellant-wife was grossly inadequate. The fee allowed was in the amount of $1,500.00. In our view such, when all the circumstances of the case are considered, was probably rather on the conservative side, but we are not convinced that it was so inadequate as to require a reversal.

Not being convinced by the record, or the brief of the appellant, that there was any abuse of discretion or prejudi-

cial error below, the judgment of the lower court, subject to the modification hereinabove mentioned, is hereby,

Affirmed.

LITTLEJOHN, Justice (concurring) :

I concur in the result reached by the majority opinion as relates to the merits of the case.

Violation of Rule 8, § 3, is at most a technical violation, unworthy of note under the facts of this case. Appellate counsel has very succinctly set forth in his brief the true issues with which this Court has been required to deal. The inference that the appellant is not entitled to consideration by this Court because of "non-compliance with the rule" is not warranted.

NESS, J., concurs.