20640

Mary M. BROWN, Respondent, v. Billy E. BROWN, Appellant.

(242 S. E. (2d) 422)

*Davis and Brandon,* of Columbia, *for Appellant,*

*Kneece, Kneece & Freeman,* of Columbia, *for Respondent,*

March 15, 1978.

NESS, Justice:

This appeal is from an order granting a divorce and other relief to Mary M. Brown. We affirm.

Initially, appellant asserts the lower court erred in ordering him to maintain insurance for the purpose of providing a college education for the parties' minor child. Appellant testified to his willingness to send the child to college, but objected to being required to do so.

In *Fender v. Fender*, 256 S. C. 399, 182 S. E. (2d) 755 (1971), this Court upheld an order requiring a father to maintain a life insurance policy to assure the availability of funds for the child's college education. We stated:

"Whether the child will or should attend college cannot be determined with certainty at this time. It may develop that neither the competence nor desire of a child would warrant expending any amount upon a college education for him. The funds provided by the insurance policy may be, by appropriate provisions, made available to the minor *only* for his college education after a determination, at the proper time, that such expenditure should be made." 256 S. C. at 408, 182 S. E. (2d) at 759.

The subsequent case of *Jackson v. Jackson*, 264 S. C. 599, 216 S. E. (2d) 530 (1975) construed *Fender* as follows:

"The clear import of the decision in that case [*Fender*] is that where the circumstances warrant the court has the

power to order the father to provide for the college education of his minor children including provisions of a fund, by life insurance, effective upon his death, for the continued support and education of such minor children." 264 S. C. at 603, 216 S. E. (2d) at 531.

Accordingly, in light of these recent decisions and the testimony of appellant, we conclude it was proper to order appellant to maintain insurance to pay for his son's college education should future circumstances warrant it.

Appellant also contends the parties were never legally divorced because the following languge from the order of the lower court constitutes a factual finding rather than an adjudication:

". . . and it is this Court's finding that the Plaintiff is entitled, as a matter of law, to a divorce, *a vinculo matrimonii,* from the Defendant on the statutory grounds of desertion."

While the order contains the term "finding" instead of "order," it is implicit a divorce was decreed. The order must be read in light of the finding of the trial court. However, to remove any ambiguity, we order that the respondent, Mary M. Brown, is entitled, as a matter of law, to a divorce, *a vinculo matrimonii,* from the appellant, Billy E. Brown, on the statutory ground of desertion, and hereby direct the Clerk of Court for Lexington County to enter this opinion in the judgment roll.

Appellant's remaining exceptions are without merit and governed by settled principles of law. We conclude a full written opinion on these issues would have no precedential value and dismiss the remainder of the exceptions pursuant to Rule 23 of the Rules of Practice of this Court.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.