20892

Betty G. CLARK, Respondent, v. Fred Maurice JONES, Appellant.
(252 S. E. (2d) 564)

*Brissey, Latham, Smith* and *Barbare,* Greenville, *for appellant.*

*James R. Turner,* Spartanburg, *for respondent.*

February 22, 1979.

*Per Curiam:*

This is an appeal from an order of the lower court requiring the appellant-husband to pay (1) an increase in the amount previously awarded as support for a minor child; (2) one-half of the college expenses of a child over eighteen (18) years of age, the other half to be paid by the respondent-wife; and (3) a portion of the attorney fees incurred by the respondent in bringing this action. Only that portion of the order requiring appellant to contribute to the college expenses of his daughter is involved in this appeal. No issue is raised as to the requirement that the father contribute only one-half of such expenses.

The following portions of the order under appeal correctly dispose of this issue and will be reported as the judgment of the court, with changes made in the designation of the parties to reflect their present status in this appeal:

"The respondent seeks to have the court require the appellant to pay the expenses for his oldest daughter's college education. The oldest daughter is now eighteen (18) years old and is enrolled as a pharmaceutical student at Samford University in Alabama.

"Both parties have subsequently remarried and the respondent's surname is now Clark. Both parties are living

with their present spouses, each of whom have separate incomes. Respondent is presently living in Birmingham, Alabama. Appellant continues to reside in Spartanburg County.

"It appears from the testimony that the original Decree provided that the appellant pay to the respondent the sum of Thirty ($30.00) Dollars each week for the support of three minor children. Sometime thereafter the oldest child, Donald Jones, went to live with his grandmother where he has since resided. He is now fully emancipated. Appellant continued to pay support at the rate of Thirty ($30.00) Dollars per week.

"In 1973 respondent applied to the court for an increase in support for their two daughters, Pamela and Cynthia Jones. An evidentiary hearing was held on October 1, 1973, but was recessed at the conclusion of the testimony at the request of the appellant who planned to have his father present as a witness, but who was ill and unable to be present at that time. The respondent testified that the parties made a verbal agreement after the October 1, 1973 hearing. She contends that the substance of their agreement was that the appellant would begin at that time to save funds for the higher education of his two daughters if the respondent would not pursue her request for an increase in weekly child support. Her petition for an increase was thereafter abandoned. Respondent's position is supported by the fact that the appellant made the first installment on his older daughter Pamela's school tuition and board in the sum of Eight Hundred Fifty ($850.00) Dollars during the summer of 1977, prior to her entering Samford University in the Fall semester; and that he paid the balance of her first semester's expenses in the Fall of 1977. Respondent's position is further supported by the fact that on February 7, 1978 appellant wrote a letter to respondent which included a written statement that 'I will send money to Pam, to pay the school, as soon as possible'. The evidence supports respondent's position that an agreement was reached in 1973 regarding appellant's responsibility for the children's education, and he

has taken advantage of this agreement by paying what the court considers very minimal child support, considering his income, since the year 1973. Based on the evidence before me, I find as a fact that appellant did in fact make an agreement that he would pay for the children's higher education. Since he has benefited from his agreement by paying a very low level of child support over the years, he should now be required to live up to his agreement. See *Edwards v. Edwards,* 254 S. C. 466, 176 S. E. (2d) 123. See also the case of *Fender v. Fender,* 256 S. C. 399, 182 S. E. (2d) 755, wherein the court held that the father had recognized his responsibility to provide for the education of his child; and the recent case of *Brown v. Brown,* 270 S. C. 370, 242 S. E. (2d) 422, filed March 15, 1978, wherein the father had previously testified to his willingness to send his child to college.

"In the present case, the testimony demonstrates the daughter's ability and desire for a higher education. She finished high school a year early and in her first semester in college, while taking six subjects, made two 'A's' and four 'B's'. The father's income is such that he has a substantial ability to help defray his daughter's expenses."

"IT IS THEREFORE, ORDERED that appellant shall pay one-half of all reasonably necessary expenses incurred for his daughter Pamela's educational expenses until she completes her present course of study. This order shall be retroactive to include expenses for the Spring, 1978 semester. The respondent shall be responsible for paying the remaining one-half of these expenses."

Affirmed.