21741

Edgar W. LAWSHE, Jr., Appellant, v. Glenda J. LAWSHE, Respondent.
(two cases.)
(293 S. E. (2d) 310)

*Allen C. Pate,* Florence, *for appellant.*
*Irby E. Walker, Jr.,* Conway, *for respondent.*

June 28, 1982.

*Per Curiam:*

The parties were granted a final divorce in 1978. In 1980 appellant (husband) petitioned for a transfer to him of custody of the parties' two minor sons. Additionally, appellant requested equitable division of property and sought to have respondent (wife) held in contempt. Judge Vaught refused to change custody and denied all other relief.

In 1981 appellant moved for a substantial reduction in alimony and child support, alleging changed circumstances. Judge Hoffman denied the reduction and also ordered appellant to continue making mortgage payments on the former marital home as required by the 1978 decree.

Appellant filed appeals in both cases and the appeals have been consolidated. We affirm both orders.

The 1978 decree found that appellant should make the mortgage payments on the marital home until such time as the home was sold. In his appeal from Judge Hoffman's order,

appellant contends that portion of the decree is unenforceable because the trial judge did not use the word "order" when imposing the mortgage obligation.

The fact the word "order" is left out of a decree does not mean the decree is without effect. *Brown v. Brown*, 270 S. C. 370, 242 S. E. (2d) 422 (1978). Rather, the decree is read in a manner which will give effect to the lower court's finding of fact. *Id.* A reading of the decree in this case makes it clear that appellant was ordered to pay mortgage payments on the home and that his duty to do so continues until the home is sold or until such time as the parties can agree on a division of property which is acceptable to them and to the Family Court. Further, the original decree was not appealed and is now the law of the case. *Moesley v. Moesley*, 263 S. C. 1, 207 S. E. (2d) 403 (1974); *Langston v. Langston*, 250 S. C. 363, 157 S. E. (2d) 858 (1967).

Finding no error of law or fact, the remaining issues in both appeals are affirmed under Rule 23 of the Rules of Practice and Procedure of this Court.