0515

Mary McCollum IVEY, Respondent, v. Charles Hugh IVEY, Appellant.

(334 S. E. (2d) (2d) 123)

Court of Appeals

*Kenneth C. Porter* of *Porter & Rosenfeld*, Greenville, *for appellant.*

*William F. Robertson, III* of *Robertson & Cassidy*, Greenville, *for respondent.*

Heard May 23, 1985.

Decided June 27, 1985.

SHAW, Judge:

This is an appeal from portions of a family court order awarding respondent Mary M. Ivey $400 per month alimony, a $100,000 insurance policy to the minor child of the parties as beneficiary, and $1,500 attorney fees. We affirm in part and reverse in part.

In appeals from family courts this court can make findings of fact in accordance with its own view of the preponderance of the evidence. *Mitchell v. Mitchell*, 283 S. C. 87, 320 S. E. (2d) 706, 708 (1984); *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976).

The parties were married in 1974 and had one child. Upon Mrs. Ivey's petition the court granted to her a divorce, custody of the minor child, $200 monthly child support, $400 monthly alimony, possession of the former marital home until the child reaches age eighteen, a one-half equitable interest in the marital home, $1,500 attorney fees, and granted her request to make the child the beneficiary of Mr. Ivey's $100,000 insurance policy, and denied her any interest in Mr. Ivey's business.

I

Evidence revealed and the court found a difference in Mr. Ivey's actual and reported income. He operates a sole proprietorship and a portion of his income is cash. The court determined Mr. Ivey's income to be between $30,000 and $36,000 annually. The court determined Mrs. Ivey's income to be $6,000 annually. Among the factors to be considered in determining whether alimony should be awarded are (1) the financial condition of the husband and the needs of the wife, (2) the age and health of the parties, their respective earning capacity, their individual wealth, (3) the wife's contribution to the accumulation of their joint wealth, (4) the conduct of the parties, (5) the respective necessities of the parties, (6) the standard of living of the wife at the time of the divorce, (7) the duration of the marriage, (8) the ability of the husband to pay alimony, and (9) the actual income of the parties. *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981). The court did not abuse its discretion in awarding $400 monthly to Mrs. Ivey.

II

Attorney fee entitlement awards are based on nature, extent and difficulty of services rendered, time devoted to the case, professional standing of the individual lawyer, and the beneficial result accomplished at trial. *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977).

Mrs. Ivey testified she retained her lawyer for $2,000 and paid $230. An affidavit submitted to the court revealed the lawyer spent around 24 hours on the case including the contested hearing. Mr. Ivey's answer was a general denial of the allegations in Mrs. Ivey's petition. Her lawyer was required to secure evidence concerning Mr. Ivey's adultery and his financial status which resulted in a favorable holding for Mrs. Ivey.

We hold the court did not abuse its discretion in the attorney fees.

## III

The family court is within its legal authority to require a supporting spouse to maintain a life insurance policy naming the child as beneficiary to insure the continued support of the minor child. However, this imposition must be based on justice, equity and compelling reasons for this necessity. *Fender v. Fender*, 256 S. C. 399, 182 S. E. (2d) 755 (1971).

South Carolina Code Section 20-3-160 (1976): Care, Custody and Maintenance of Children:

> In any action for divorce from the bonds of matrimony the court may at any stage of the cause, or from time to time after final judgment, make such orders touching the care, custody and maintenance of the children of the marriage and what, if any, security shall be given for the same as from the circumstances of the parties and the nature of the case and the best spiritual as well as other interests of the children may be fit, equitable and just.

Here, there is no compelling reason given for the requirement of the maintaining of the life insurance policy. Mr. Ivey has sufficient income to maintain his obligation. We hold there must be a compelling reason such as a failure to pay to require the security of life insurance. If it subsequently appears security is necessary, the continuing jurisdiction of the family court affords ample opportunity to require security by life insurance. *Fender, supra.*

Therefore, that portion of the order is reversed.

Affirmed in part and reversed in part.

BELL and CURETON, JJ., concur.